IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARSHA VANHOOK, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO.  21-2380 |
| | : | |
| THOMAS JEFFERSON UNIVERSITY HOSPITAL, | : | |
| | : | |
| Defendant. | : | |

## SCHEDULING ORDER

**AND NOW**, this 17th day of March 2022, **IT IS ORDERED** as follows:

1.  **A settlement conference shall be held before Magistrate Judge Marilyn Heffley at the end of discovery and before the parties file dispositive motions. Plaintiff's counsel shall contact Judge Heffley's chambers no later than sixty (60) days prior to the close of discovery to schedule a date and time.**

Counsel are encouraged to request a voluntary settlement conference as early in the discovery process as they feel it will be productive.  A settlement conference will be scheduled upon agreement of all counsel.  Unless the Court authorizes an exception, such agreement constitutes counsel's certification that there is a reasonable possibility of settlement and that the party represented by counsel will engage in good faith negotiations to resolve the litigation.

At any settlement conference, counsel shall have his/her client or a person authorized by his/her client with unlimited authority to settle at the conference or available by telephone during the entire conference.

2.  Counsel are obligated to familiarize themselves with the Local Rules of Civil Procedure of the United States District Court for the Eastern District of Pennsylvania, and the Policies and Procedures of this Court.[1]  Failure to comply with this Scheduling Order or the Local Rules may result in the imposition of sanctions.

---

[1] This Court's Policies and Procedures can be found on the Eastern District of Pennsylvania's website at http://www.paed.uscourts.gov/.  In case of a conflict, the provisions of this Scheduling Order take precedent over the Court's general Policies and Procedures.

### Pleadings

3. Counsel may amend the pleadings on or before **Wednesday, April 13, 2022.**

### Joinder

4. Any person to be joined in accordance with Federal Rule of Civil Procedure 19 must be joined on or before **Wednesday, April 13, 2022**.

### Discovery

5. All fact discovery shall proceed in such manner as will assure that all requests for, and responses to, discovery will be noticed, served, and completed by **Tuesday, July 12, 2022**.

6. The parties shall comply with the requirements for Fed. R. Civ. P. 26(a)(2) for disclosure of expert testimony by **Thursday, August 11, 2022**.

### Procedure on Summary Judgment
### for Those Moving Under Fed R. Civ. P. 56

7. **Initial Filing of Moving Party**: All motions for summary judgment or partial summary judgment shall be filed and served on or before **Monday, October 10, 2022**. The motion, subject to the provisions of Rule 56, <u>shall</u> be supported with affidavits, depositions, documents, or other evidence permitted by those provisions. Where applicable, references to such evidence <u>must</u> include <u>specific</u> citations to exhibit, page, and line number.

As an alternative to a traditional motion for summary judgment, a defending party moving under Rule 56 <u>may</u>[2] move without reference to supporting affidavits or other evidence and, in doing so, the party making the motion shall:

(1) identify in outline form the issue(s) and/or sub-issue(s) as to which the motion is directed;

(2) provide a separate, short, and concise Statement of Stipulated Material Facts, as described below;

(3) affirm, on the basis prescribed in Rule 11, that there is no legally sufficient evidentiary basis to support the issues so identified; and

(4) request judgment as provided in Rule 56.

---

[2] This alternative, "short form" summary judgment procedure is permissive, not mandatory. Moreover, it is only available to defending parties and may not be used when the parties file cross-motions for summary judgment. A plaintiff moving for summary judgment under Rule 56 may only do so under the traditional summary judgment method (*i.e.*, motions, briefs, and exhibits filed concurrently).

The initial filing by the moving party under this alternative method must not exceed five (5) double-spaced, type-written pages, excluding the Statement of Stipulated Material Facts.

*Prior to the dispositive motion deadline outlined in the Court's Scheduling Order, the parties shall confer as to the facts material to the case. The initial filing of the moving party must include a short and concise Statement of Stipulated Material Facts which sets forth, in numbered paragraphs, the material facts that the parties agree are not in dispute. Only the facts that bear on material issues shall be included.*

8. **Response of Non-Moving Party**: The party against whom the Motion for Summary Judgment is addressed shall file a Response within twenty-one (21) days after the Motion for Summary Judgment is served. The Response, subject to the provisions of Rule 56, shall be supported with affidavits, depositions, documents, or other evidence permitted by those provisions. Where applicable, references to such evidence must include specific citations to exhibit, page, and line number. The Response may not exceed twenty-five (25) pages.

9. **Reply of Moving Party**: The Movant shall file a Reply not later than ten (10) days after receipt of the Response from the non-moving party. The Reply must specify the relevant exhibit, page, and line numbers when referring to the record. The Reply may not exceed twenty-five (25) pages.

10. **Sur-Reply of Non-Moving Party (Requires Prior Leave of Court)**: Sur-Reply briefs cannot be filed without prior leave of Court.  If leave is granted, the Sur-Reply is limited to a maximum of seven (7) pages, and must be filed within five (5) business days of the filing of the opposing party's response.  The Sur-reply must specify the relevant exhibit, page, and line numbers when referring to the record.

Further scheduling matters, including trial, shall be determined by the Court as appropriate.

## Trial

11.  The case will be placed on the Court's trial list on **Monday, January 2, 2023**.

12. **Pretrial Memoranda**: All parties shall prepare and file with the Clerk of Court and opposing counsel their pretrial memoranda, in accordance with Local Rule 16.1(c)(1) - (7), inclusive, as follows:

   A.  Plaintiff - at least twenty (20) days prior to the trial date.

   B.  Defendants - at least ten (10) days prior to the trial date.

13.  **Motions *in Limine***: All motions *in limine* shall be filed and served at least **five (5) business days** before the trial date.  Such motions shall describe with particularity the grounds and the authority for the objection.

14. **Daubert Hearings**: Any party who contends or will contend that the proposed testimony of any expert witness requires a <u>Daubert</u> hearing <u>must</u> file a motion with the Clerk of Court at least **thirty (30) days** prior to the trial date so that the hearing can be held prior to trial and without impinging upon the jury's time. The motion must thoroughly set forth valid reasons for the challenge.

15. **Witness Unavailability**: Because a witness may be unavailable at the time of trial as defined in Fed. R. Civ. P. 32(a)(4), the Court expects use of oral or videotape depositions at trial of any witness whose testimony a party believes is essential to the presentation of that party's case, whether that witness is a party, a non-party, or an expert. The unavailability of any such witness <u>will not be a ground to delay</u> the commencement or progress of the trial. Any oral or videotape deposition for use at trial shall be held at least five (5) business days before the trial date.

16. In the event a deposition is to be offered at trial, the offering party shall file with the Court, prior to the commencement of the trial, a copy of the deposition transcript, but only after all efforts have been made to resolve objections with other counsel. Portions of the deposition offered by the plaintiff shall be marked in blue; portions offered by the defendant, in red. Where a Court ruling is necessary, the basis for unresolved objections shall be stated in five (5) words or less in the margin of the deposition page(s) and a covering list of such objections supplied therewith.

17. All proposed jury instructions shall be numbered and shall have citations of authority for each point (one point per page). If a model jury instruction is submitted, for instance, from O'Malley, et al., <u>Federal Jury Practice and Instructions</u> (5th Edition) or <u>Pennsylvania Suggested Standard Civil Jury Instructions</u>, counsel shall state whether the proposed jury instruction is modified or unchanged. If counsel modifies a model jury instruction, additions shall be underlined and deletions shall be struck-through. If a model jury instruction is unchanged, it may be submitted by title and paragraph reference only.

At least fifteen (15) business days before the trial date, counsel shall exchange proposed jury instructions and proposed jury interrogatories. Counsel for the plaintiff is directed to initiate the scheduling of a meeting of all counsel to be held at least ten (10) business days before the trial date, at which counsel shall discuss the proposed jury instructions and jury interrogatories. The parties shall submit to the Court one complete set of agreed upon jury instructions and jury interrogatories at least **three (3) business days** before trial date. The original shall be filed with the Clerk of Court. If a good faith effort is not made to comply with this directive, the trial may be continued or sanctions imposed on individual counsel.

*If the parties are unable to agree* upon certain jury instructions or jury interrogatories, at least **five (5) business days** before the trial date, the party proposing the instruction or interrogatory shall submit to the Court one (1) copy of the proposed instruction or interrogatory and its citation of authority and the party opposing the instruction or interrogatory shall submit to the Court one (1) copy of its specific objection, citation of authority, and proposed alternative. The originals shall be filed with the Clerk of Court.

18. At least **five (5) business days** before the trial date, each party shall file a trial memorandum on the legal issues involved in the case and that party's proposed voir dire questions. The originals shall be filed with the Clerk of Court.

19. At least **five (5) business days** before the trial date, each party shall submit to the Court a <u>one page or less</u> summary in non-legalese language of its contentions with reference to the facts, theories of liability and damages. Prior to the beginning of voir dire, the other party may file objections or alternatives to this summary. The summary will be used by the Court in its preliminary and final instructions to the jury to familiarize the jurors with the general framework of the factual issues in the case.

**A courtesy copy of the proposed jury interrogatories, jury instructions, and verdict forms <u>shall</u> be submitted to Judge Tucker's Chambers in Word or format by electronic mail.**

**BY THE COURT**:

/s/ **Petrese B. Tucker**

_____
**Hon. Petrese B. Tucker**